```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION


TELSE SHALIN MUNGIA, # 98619                        PLAINTIFF

VERSUS                        CIVIL ACTION NO. 3:16cv54-TSL-RHW

HINDS COUNTY DETENTION CENTER
BOARD OF SUPERVISORS, TYRONE
LEWIS, and HINDS COUNTY COURT
SYSTEM                                              DEFENDANTS
```

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the court sua sponte. Pro se plaintiff Telse Shalin Mungia is a pretrial detainee at the Hinds County Detention Center. He challenges the conditions of his confinement. The court has considered and liberally construed the pleadings. As set forth below, defendants Hinds County Detention Center Board of Supervisors and Hinds County Court System are dismissed.

### BACKGROUND

Mungia alleges that on August 9, 2013, he was arrested on a drug charge and detained in the Hinds County Detention Center. He says he was held for seventy-two days without a court appearance. The charge was dismissed, and he was released.

Mungia next claims that on December 23, 2015, he was arrested based on a warrant from Hinds County for the 2013 charge that was supposedly dropped. Since then, he has been detained at the Hinds County Detention Center. He claims to have again been

denied an initial appearance, although he allegedly was arraigned on January 11, 2016, denied bond, and has been appointed counsel.

Mungia further alleges that during his 2013 stay at the Hinds County Detention Center, he was subject to unconstitutional conditions of confinement. For the first ten days, he contends he was in a holding cell with fifteen other people, and he:

> was confined to my matt [sic] [and] my legs and feet had pain [be]cause my blood could not flow there were so many people in the room. I was confine[d] to my matt [sic] 24/7. They would never bring us outside or anywhere to stretch our legs. There was no movement at all.

(Compl. at 5). He claims he only had one shower in those first ten days. He also asserts that he was racially harassed by correctional officers.

According to the Complaint, after Mungia was moved to a cell, he had to sleep on an iron rack with no mattress for nine days. There were no lights, and there was so much black mold he could smell and taste it. Food was served on the floor, and he was locked down in the dark twenty-four hours a day.

Mungia maintains that he wrote several grievances on all of the above conditions but none were answered. It is not clear if he maintains that the same conditions exist today.

Mungia filed this action on January 29, 2016, under 42 U.S.C. § 1983. Although he later added habeas claims, those were severed and opened in civil action number 3:16cv188-TSL-RHW, on March 14. He seeks damages for the conditions of his confinement

2

as well as the 2013 alleged denial of a court appearance.  He also seeks damages for the alleged denial of bond and an initial appearance in 2015.  Mungia sues the Hinds County Detention Center Board of Supervisors, former Sheriff Tyrone Lewis, in his official capacity only, and the Hinds County Court System.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court.  The statute provides in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or

3

maliciousness even before service of process or before the filing of the answer." Id.  The court has permitted Mungia to proceed in forma pauperis in this action.  His Complaint is subject to sua sponte dismissal under § 1915.

First Mungia sues the "Hinds County Detention Center Board of Supervisors" and Sheriff Lewis, in his official capacity, for unconstitutional conditions of confinement.  The jail is not run by a board of supervisors, however.  Rather, it is run by the Hinds County Sheriff.  Miss. Code Ann. § 19-25-69.  Therefore, the Board of Supervisors is dismissed as a nonexistent entity.

Next, Mungia sues the State court under § 1983 for the alleged denials of court appearances and bond.  These claims against the State court are actually against the State court trial judge or judges in charge of Mungia's two criminal cases.

A judge enjoys absolute immunity from a civil action when performing within his judicial capacity.  Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).  "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'"  Id. (quoting Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).  Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11 (1991).

4

The Fifth Circuit Court of Appeals announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. <u>Ballard v. Wall</u>, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

<u>Id.</u> In applying the four factors to the facts alleged, it is clear that the State court judges are absolutely immune from this lawsuit. The decisions as to whether and when to set hearings and to set a bond in a criminal matter are clearly within the normal judicial function which arose out of the judges' official capacities. Furthermore, there is no indication that these actions occurred outside of the courtroom or judges' chambers. The controversy undisputedly centers around criminal cases pending before the Hinds County judges. Consequently, the court finds Mungia cannot maintain this action against the Hinds County Court System. It is dismissed.

The remainder of this case shall proceed against Sheriff Lewis, in his official capacity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, defendant Hinds County Detention Center Board of Supervisors should be, and is hereby, **DISMISSED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that defendant Hinds County Court System is **DISMISSED WITH PREJUDICE** as immune.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 15th day of March, 2016.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE